UNITED SERVICES AUTO. ASSN. v. UNIVERSAL UNDERWRITERS INS. CO.

[104 N.C. App. 206 (1991)]

UNITED SERVICES AUTOMOBILE ASSOCIATION, PLAINTIFF v. UNIVERSAL
    UNDERWRITERS INSURANCE COMPANY AND WARDEN MOTORS, INC.,
    D/B/A CLEMMONS TRADERS, DEFENDANTS

No. 9021SC1266

(Filed 1 October 1991)

**Insurance § 92.1 (NCI3d) — test drive of vehicle — garage liability
insurance — driver's insurance — primary and excess coverage**

A dealer's garage liability policy provided primary coverage
and the driver's own automobile policy provided excess coverage
for an accident that occurred while the driver was test driving
a vehicle owned by the dealer. Ambiguous language in the
"other insurance" clause of the garage liability policy that
its coverage was excess for any person who becomes an in-
sured as "required by law" served only as a limitation to
the statutory amount of coverage set out in N.C.G.S.
§ 20-279.21(b)(2) relating to an owner's policy of liability in-
surance and did not render coverage under the dealer's policy
excess in this instance.

**Am Jur 2d, Automobile Insurance §§ 217, 432-434.**

**Liability insurance of garages, motor vehicle repair shops
and sales agencies, and the like. 93 ALR2d 1047.**

APPEAL by defendant from Order entered 2 October 1990 in
FORSYTH County Superior Court by *Judge James A. Beaty, Jr.*
Heard in the Court of Appeals 6 June 1991.

*Nichols, Caffrey, Hill, Evans & Murrelle, by Karl N. Hill,
Jr., for plaintiff-appellee.*

*Petree, Stockton & Robinson, by James H. Kelly, Jr., for
defendant-appellant.*

WYNN, Judge.

This appeal arises out of an accident involving an automobile
owned by Warden Motors, but driven by Sanford E. Isenhour
("Isenhour"). At the time of the accident, plaintiff United Services
Automobile Association ("USAA"), insured Isenhour while defend-
ant Universal Underwriters Insurance Company ("UNIVERSAL") pro-
vided coverage for Warden Motors. USAA instituted this declaratory

UNITED SERVICES AUTO. ASSN. v. UNIVERSAL UNDERWRITERS INS. CO.

[104 N.C. App. 206 (1991)]

judgment action seeking a declaration that the "Garage Liability Policy" issued by UNIVERSAL provided primary coverage for the accident.

The facts indicate that on 27 January 1988, Isenhour went to defendant Warden Motors for the purpose of purchasing a truck. Isenhour was given permission to test drive a 1981 Ford truck. During the test drive, Isenhour struck the rear end of a stopped Cadillac owned by Rebecca Kaye ("Kaye"), but being operated by Mortimer R. Shapiro ("Shapiro").

As a result of the accident, Shapiro made a personal injury claim against Isenhour, and USAA settled the claim for $2,000. Kaye filed a subsequent lawsuit for the damage to the Cadillac. Following UNIVERSAL's refusal to reimburse USAA for the payment to Shapiro or to pay Kaye's damage claim, this action resulted. After reviewing each of the relevant provisions in the respective policies, the trial court concluded that UNIVERSAL's policy provided primary coverage. From the entry of this declaration, UNIVERSAL appeals.

---

The sole issue presented by this appeal is whether the trial court erred in concluding the insurance coverage provided by UNIVERSAL was primary, and the USAA policy was secondary. However, before moving into an analysis of the ultimate issue, we must first decide if Isenhour is in fact an "insured" under both policies. Isenhour's USAA policy provides coverage to the following "covered persons":

"**Covered person**" as used in this Part means:

1. You or any family member for the ownership, maintenance or use of any auto.

Since the USAA policy was issued to Isenhour personally, he is clearly a "covered person" under the terms of his own USAA policy. Moreover, as indicated by both the language of this policy and the actions of USAA, the applicability of the USAA policy is not affected by the fact that Isenhour was operating a non-owned vehicle at the time of the accident.

The terms of Warden Motors' insurance policy issued by UNIVERSAL also reflect that Isenhour is an insured. The UNIVERSAL policy provides:

UNITED SERVICES AUTO. ASSN. v. UNIVERSAL UNDERWRITERS INS. CO.

[104 N.C. App. 206 (1991)]

**Insuring Agreement**

WE will pay all sums the INSURED legally must pay as damages (including punitive damages where insurable by law) because of INJURY to which this insurance applies caused by an OCCURRENCE arising out of GARAGE OPERATIONS or AUTO HAZARD.

\* \* \*

"AUTO HAZARD" means the ownership, maintenance, or use of any AUTO YOU own or which is in YOUR care, custody or control and:

(1) used for the purpose of GARAGE OPERATIONS or

(2) used principally in GARAGE OPERATIONS with occasional use for other business or non-business purposes or

(3) furnished for the use of any person or organization.

\* \* \*

**WHO IS AN INSURED**

\* \* \*

With respect to the **AUTO HAZARD**:

1. YOU;

2. Any of YOUR partners, paid employees, directors, stockholders, executive officers, a member of their household or a member of YOUR household, while using an AUTO covered by this Coverage Part, or when legally responsible for its use. The actual use of the AUTO must be by YOU or within the scope of YOUR permission;

3. Any other person or organization required by law to be an INSURED while using an AUTO covered by this Coverage Part within the scope of YOUR permission.

The language contained in subsections 1. and 2. of "WHO IS AN INSURED" clearly shows that Isenhour was an insured under the UNIVERSAL policy; after all, Isenhour was using the automobile with Warden Motors permission. In addition, N.C. Gen. Stat. § 20-279.21(b)(2) (1989) provides that Isenhour, as a person using the automobile with permission, is covered by the UNIVERSAL policy.

**UNITED SERVICES AUTO. ASSN. v. UNIVERSAL UNDERWRITERS INS. CO.**

[104 N.C. App. 206 (1991)]

We now turn to the ultimate issue in this case—Which of the two policies is the primary insurance covering Isenhour's accident?

When construing insurance policies, each policy must be examined separately and irrespective of the other in order to determine its effect on the other. *Allstate Insurance Co. v. Shelby Mutual Insurance Co.*, 269 N.C. 341, 152 S.E.2d 436 (1967). Isenhour's USAA insurance provides the following when there is another policy covering a car not owned by Isenhour:

OTHER INSURANCE

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. *However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.*

(Emphasis added.) This language shows that USAA will not be liable for primary coverage if some other insurance policy covering the non-owned car provides "collectible insurance." By its terms, the coverage provided by the USAA policy is *excess* whenever its insured operates a non-owned automobile and when there is other collectible insurance available.

Warden Motors' UNIVERSAL insurance policy also contains a provision concerning overlapping insurance policies:

OTHER INSURANCE—The insurance afforded by this Coverage Part is primary, except it is excess:

(1) for PRODUCT RELATED DAMAGES and LEGAL DAMAGES;

(2) for any person or organization who becomes an INSURED under this Coverage Part as *required by law*. (Emphasis added.)

UNIVERSAL contends that Isenhour was "required by law" to be an insured under its policy and thus the "Other Insurance" provision contained in its policy renders UNIVERSAL's coverage secondary to USAA's. We disagree.

We recognize that UNIVERSAL is "required by law" to insure Isenhour under N.C. Gen. Stat. § 20-279.21(b)(2) (1989). We also recognize that the UNIVERSAL policy states that an insured includes "[a]ny other person . . . required by law to be an INSURED

while using an AUTO covered by this Coverage Part within the scope of YOUR permission." However, we find that the undefined and ambiguous language "required by law" contained in the UNIVERSAL policy serves only as a limitation to the statutory amount of coverage set out in section 20-279.21(b)(2) relating to an owner's policy of liability insurance. It is well settled that "if there is any doubt concerning the true meaning of a policy clause, the doubt is to be resolved against the insurer, who authored it." *Akzona, Inc. v. American Credit Indem. Co.*, 71 N.C. App. 498, 503, 322 S.E.2d 623, 627 (1984). Having determined the phrase "required by law" to be ambiguous, we find it necessary to read it out of UNIVERSAL's policy. When viewed after deletion of the ambiguous term, the UNIVERSAL policy states that an "insured" includes "[a]ny person USING AN AUTO covered by this Coverage Part within the scope of [Warden Motors'] permission." After removing the ambiguous language, UNIVERSAL's "OTHER INSURANCE" clause clearly provides that UNIVERSAL's coverage is primary in regard to Isenhour.

The terms of the USAA policy also reflect that the UNIVERSAL policy is primary. The USAA policy provides that USAA's coverage is not primary for any vehicle not owned by Isenhour if there exists other "collectible insurance." Thus the existence of the other collectible insurance policy (UNIVERSAL) is the event which prevents the USAA policy from operating at all with reference to Isenhour. *See Allstate Insurance Co. v. Shelby Mutual Insurance Company*, 269 N.C. 341, 152 S.E.2d 436 (1967).

Other authorities in the field of insurance add support to the decision that we reach today:

> It thus has been held that where the owner of an automobile or truck has a policy with an omnibus clause, and the additional insured also has a non-ownership policy which provides that it shall only constitute excess coverage over and above any other valid, collectible insurance, *the owner's insurer has the primary liability.* In such case, the liability of the excess insurer does not arise until the limits of the collectible insurance under the primary policy have been exceeded. It should be noted that under this rule, the courts give no application to the other insurance clause in the primary policy, which provides that if the additional insured has other valid and collectible insurance, he shall not be covered by the primary policy.

STATE EX REL. COMR. OF INS. v. N.C. RATE BUREAU

[104 N.C. App. 211 (1991)]

That is because the insurance under the excess coverage policy is not regarded as other collectible insurance, as it is not available to the insured until the primary policy has been exhausted. Or, to put it another way, a non-ownership clause, with an excess coverage provision, does not constitute other valid and collectible insurance within the meaning of a primary policy with an omnibus clause.

8A Appleman, Insurance Law and Practice § 4909.45 (emphasis added).

For these reasons, we hold that the UNIVERSAL policy provided primary coverage to Isenhour. The decision of the trial court is,

Affirmed.

Judges COZORT and ORR concur.